IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERITA JOHNSON, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| v. | § § | 2:25-cv-902 |
| YESCARE CORPORATION, | § § § | JURY DEMAND |
| Defendant. | § § § § § § § | |

## COMPLAINT

This is an action for unlawful employment discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. Plaintiff Sherita Johnson, a qualified and experienced recruiter, was hired by Defendant YesCare Corporation in March 2023 and disclosed her pregnancy to her supervisor at the outset of her employment. Despite performing her job satisfactorily, Ms. Johnson was abruptly terminated on May 22, 2023, the same day she submitted a formal request for pregnancy-related leave.

### I.   JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

2. Venue is proper because the unlawful employment practices alleged herein were committed within this judicial district and division. The events giving rise to this suit, including Plaintiff's termination, occurred in this Division.

## II.     PARTIES

3. Plaintiff Sherita Johnson ("Johnson") is an adult citizen of the United States and, at all relevant times, a resident of the State of Alabama. Johnson was employed by Defendant YesCare Corporation as a Recruiter in Alabama from approximately March 2023 until her termination on or around May 22, 2023.

4. Defendant YesCare Corporation ("YesCare") conducts business in the State of Alabama. At all relevant times, YesCare was an "employer" within the meaning of Title VII, in that it engaged in an industry affecting commerce and employed more than 15 employees. YesCare was Johnson's employer for purposes of Title VII during the period of her employment.

## III.     ADMINISTRATIVE EXHAUSTION

5. All conditions precedent to the institution of this lawsuit have been satisfied. Johnson filed an EEOC Charge of Discrimination, and the EEOC subsequently issued her a Notice of Right to Sue. This complaint is being filed within 90 days of Johnson's receipt of the Notice of Right to Sue.

## IV.   FACTUAL ALLEGATIONS

6.   YesCare hired Johnson as a Recruiter in or around late March 2023.

7.   After completing her new-hire onboarding training by early April 2023, Johnson began working in that role out of YesCare's Alabama operations.

8.   During her job interview for the Recruiter position, Johnson informed her then-prospective supervisor Tanya Ludwig that she was pregnant.

9.   YesCare offered Johnson the job and she accepted.

10.   Throughout her period of employment, Johnson performed her job duties at a satisfactory or better level.

11.   In fact, during this time her work productivity was on par with, or even surpassed, that of her co-workers.

12.   She was qualified for the Recruiter position and received no warnings or discipline indicating that her job was in jeopardy due to performance.

13.   On or about May 12, 2023, Johnson's supervisor, Ms. Ludwig, questioned her about her pregnancy and her plans for maternity leave. This inquiry into Johnson's pregnancy-related leave occurred shortly before the events leading to her termination.

14.   On May 22, 2023, Johnson formally submitted a request for pregnancy/maternity leave through YesCare's third-party leave administrator, Sedgwick.

15. The leave request was for an upcoming period in anticipation of her childbirth.

16. Later that same day, just hours after Johnson submitted her pregnancy leave request, YesCare abruptly terminated her employment.

17. Johnson was informed of her discharge on or around May 22, 2023, during a phone call with Ms. Ludwig.

18. YesCare's stated reason for terminating Johnson was alleged poor performance during her probationary period.

19. According to YesCare, Johnson's work product and recruiting outcomes were below expectations for the Recruiter role.

20. YesCare provided this performance-based explanation as the purported justification for ending Johnson's employment.

21. Ms. Johnson asserts that YesCare's performance-related explanation is false and pretextual.

22. In reality, no legitimate performance deficiencies warranted her firing. As noted above, she had been meeting the job requirements in a satisfactory manner and even exceeding certain performance metrics relative to her peers.

23. Prior to her leave request, Johnson was not warned that her performance was unacceptable or that her job was in danger. The sudden

invocation of "poor performance" at the exact time of her leave request is not credible, and was merely a cover for discrimination.

24. The timing and circumstances of Ms. Johnson's termination give rise to a strong inference that the real reason for her firing was her pregnancy and/or her request for pregnancy-related leave.

25. Johnson's supervisor had only days earlier inquired specifically about Johnson's pregnancy and leave plans.

26. There is a close temporal proximity between Johnson's protected activity and the termination, which, combined with her satisfactory work performance, suggests that but for her pregnancy and impending leave, she would not have been discharged.

## V.    CAUSES OF ACTION

### Count I: Pregnancy Discrimination (Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act)

27. Johnson re-alleges and incorporates by reference paragraphs 1-26 above as if fully set forth herein.

28. Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, prohibits an employer from discriminating against an individual with respect to her compensation, terms, conditions, or privileges of employment because of the individual's sex.

29. "Because of sex" under Title VII includes discrimination based on pregnancy or childbirth.

30. At all relevant times, Johnson was an employee covered by Title VII's protections, and YesCare was her employer as defined by Title VII.

31. By its actions described above, including terminating Ms. Johnson's employment on the same day she requested maternity leave, YesCare has engaged in unlawful employment practices prohibited by Title VII.

32. YesCare discriminated against Johnson in violation of Title VII by terminating her because of her sex (pregnancy) and because she exercised her rights related to pregnancy and childbirth.

33. Johnson's pregnancy and her request for pregnancy-related leave were motivating factors in YesCare's decision to terminate her employment.

34. YesCare's proffered reason for firing Johnson was not the true reason for her termination but was a pretext to conceal intentional pregnancy discrimination.

35. In truth, Ms. Johnson was qualified to perform her job and was performing satisfactorily.

36. YesCare's conduct toward Johnson, as alleged, was willful or undertaken with reckless disregard for her rights under federal law. By terminating an employee soon after learning of her pregnancy and leave plans,

YesCare showed malice or reckless indifference to Johnson's federally protected rights.

37. As a direct and proximate result of YesCare's discriminatory actions, Ms. Johnson has suffered injuries and losses. These include loss of earnings and benefits, damage to her career and professional reputation, emotional pain and suffering, inconvenience, mental anguish, and other losses.

38. Ms. Johnson continues to suffer the effects of these losses.

**Count II: Retaliation (Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act)**

39. Johnson re-alleges and incorporates by reference paragraphs 1-26 above as if fully set forth herein.

40. Title VII prohibits employers from retaliating against employees who engage in protected activity, including requesting pregnancy-related leave or opposing discrimination on the basis of sex or pregnancy.

41. On May 22, 2023, Johnson submitted a formal request for maternity leave through YesCare's third-party leave administrator, Sedgwick. This request constituted protected activity under Title VII.

42. Within mere hours of making that protected request, Defendant terminated Plaintiff's employment.

43. The close temporal proximity between Johnson's protected activity and her termination strongly supports a causal connection between the two events.

44. Plaintiff had not been warned or counseled that her job was in jeopardy prior to her request. Defendant's abrupt decision to terminate her immediately after the leave request gives rise to an inference of retaliatory motive.

45. Defendant's stated reason for terminating Johnson is pretextual and not the true motivation for its actions.

46. By terminating Johnson because she requested pregnancy-related leave, Defendant engaged in unlawful retaliation in violation of Title VII.

47. As a result of Defendant's retaliatory conduct, Plaintiff has suffered lost wages and benefits, damage to her professional reputation, emotional distress, and other compensable harm.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sherita Johnson respectfully prays that the Court grant the following relief:

a. Order YesCare to reinstate Ms. Johnson to her former position as a Recruiter (or an equivalent position) with full seniority, benefits, and pay, *or* alternatively, award front pay in lieu of reinstatement if reinstatement is not feasible.

b. Award Ms. Johnson all back pay, including lost wages, salary, benefits, and bonuses, from the date of her termination up to the date of reinstatement (or judgment), plus pre-judgment interest.

c. Award compensatory damages for the non-economic harm caused by the discrimination, including damages for emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life.

d. Award punitive damages to punish and deter YesCare for its willful, malicious, or recklessly indifferent conduct, to the maximum extent allowed by law.

e. Award Plaintiff her reasonable attorney's fees, expert witness fees, litigation expenses, and court costs incurred in bringing this action, as provided by Title VII.

f. Grant such other and further legal or equitable relief as the Court deems just and proper, including but not limited to appropriate injunctive relief.

**Plaintiff hereby demands a trial by jury on all issues so triable.**

Respectfully submitted,

*/s/ Eric C. Sheffer*
Eric. C. Sheffer
*Attorney for Plaintiff*


Eric C. Sheffer
ASB 3568J14X
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 3520
(205) 314-0582 (phone/fax/text)
Email: esheffer@wigginschilds.com